All right, next case is Transcontinental Pipeline v. PA Environmental Hearing Board, et al., number 23-2052. And we'll be happy to hear from counsel. Oh, I see a split time. Good morning. May it please the court. My name is Elizabeth Whitmer. I represent Appellant Transcontinental Gas Pipeline Company. In this sixth of the cases about appeals of state permits as they relate to natural gas pipeline projects. In our view, the EHB appellants are trying to go one step beyond. Excuse me, are you going to reserve any time for rebuttal? I'm sorry, Your Honor. Yes, I would request to reserve two minutes. Okay, that's granted. The EHB appellants are trying to go one step beyond what the Natural Gas Act, Bordentown, an opinion written by the with a de novo hearing and review of Transco's paid up application at the Pennsylvania Environmental Hearing Board. There are four reasons that that attempt to insert a separate state agency into the Natural Gas Act scheme fails. And you should reverse the decision below. If I may, I'd like to use this as a demonstrative exhibit, which illustrates the error of the arguments. First, the background behind this flowchart is the underlying preemption of all state environmental regulation by the Natural Gas Act. As Riverkeeper One puts it, a state participates in Clean Water Act regulations of interstate gas facilities by congressional permission, rather than through inherent state authority. The Riverkeeper cases in Bordentown all recite that the Natural Gas Act preempts state environmental regulation of natural gas facilities, except for the narrow grant in Section 717BD3 that the rights of the states are preserved under the Clean Water Act. What are the rights of the state in Pennsylvania? In Pennsylvania, Pennsylvania has the right to issue or not issue a water quality certification with conditions. There is no right in the Clean Water Act to an adjudicative hearing under the Clean Water Act. And in Riverkeeper Three, this court's already determined there's no requirement for an adjudicatory hearing under due process. But didn't we recognize in Bordentown that we should respect state administrative review? And isn't that what's going on here? I think, Your Honor, that you act under the Clean Water Act. But wasn't that a general respect for the states being allowed to determine what the review process will be, whether they situate it in one agency or two, or even three? When it comes to the regulations that relate to the state agency that can act under the Clean Water Act, the federal government does not interfere with that. Well, the Clean Water Act doesn't say that the state doesn't foreclose this, though. I mean, you're emphasizing can, but there's no can't. Is there? There is no can't, Your Honor. But the Natural Gas Act itself, when you go to the review provision, is talking only about the state administrative agency acting pursuant to federal law. So in New Jersey, which is the Bordentown case, there's a unitary administrative proceeding. It all takes place in that top box on the chart. I mean, I'm reading a footnote. We're talking about the administrative review scheme. It doesn't seem that it's some sort of orthodox. It's all in one. And that's the only thing we can consider. We consider the whole scheme, don't we? You considered the scheme that New Jersey had. Pennsylvania has a different administrative scheme. So let's, can I just ask a question right now where it stands? You've got the, your clients have the necessary permit, right? They can begin constructing, they could do anything they want. It's just subject to the fact that there may be this EHB appeal. I don't know what the impact of that would be. Maybe there'd be erosion concerns. You have to reroute the pipeline. There could be a lot of problems associated with that. But right now, and this relates maybe a little to irreparable injury and other stuff like this, is I understand it, and correct me if I'm wrong, piecing all these interlocking schemes together, you've got the green light. Now the green light may turn into a yellow light at some point in time for your client, if the EHB appeal is granted. But right now you've got a green light, right? Right now we have a green light, but the only time that light should change to yellow or red is upon the review of this court, because... And can I just tease out, because I'll just tell you the part that I'm struck with the most, which is the phrase civil action in 717 RD1, because the exclusive in the original jurisdiction of this court is for civil actions. And if the EHB appeal is an administrative appeal instead of a civil action, then it seems that there's no conflict whatsoever or no triggering of 717 RD1. So don't you have to just... If we line up your order of proof, what you have to show to win, isn't really close to the top of the list that you would have to show that the EHB appeal is a civil action? No, Your Honor. And that's because what I have to show is that the state administrative procedure has resulted in a final permit. In New Jersey, that administrative procedure allowed the agency that had authority to act under the Clean Water Act to hold an adjudicatory hearing. In Pennsylvania, it doesn't. So we're looking at all of this, again, behind all of it is total preemption of everything that is not permitted under the Clean Water Act. And the Pennsylvania Environmental Hearing Board is a completely separate state agency, like a zoning board. It's preempted. It doesn't have any role under the Clean Water Act at all. And so we just had a case about preemption, preemption comes in a lot of different flavors. What type of preemption are you saying? Are you saying that this is express? Are you saying this is field? Are you saying this is conflict, impossibility? What type of preemption do you think it is? There's both field and conflict preemption here. So the field preemption is Schneiderwin. Everything other than what a state agency, which has the authority to act under the Clean Water Act does is preempted. There is no nexus between the adjudicatory review that the EHB appellants want at the EHB and the Clean Water Act, none. Because unlike New Jersey, which has implementing regulations that are under the Clean Water Act and allow for an internal adjudicatory hearing, by the way, the results of that hearing itself are not appealable, unlike the EHB. They go back to the person at New Jersey who issues the permits and that person accepts, rejects, and then issues the permit. So there is no, there is none of the conflict that we talk about in our brief with the scheme in New Jersey as outlined in Bordentown because of the way the implementing regulations are under the Clean Water Act in New Jersey. But the implementing regulations in Pennsylvania are different. There is no adjudicatory hearing. And in Bordentown, the court recognized that states are There is no adjudicatory hearing at the PADEP level in Pennsylvania because it's not required under the Clean Water Act, but it's possible. Isn't that even more of a reason that we should, I mean, I know that before the EHB, you can enter new evidence and put on witnesses, I guess, if you want. Isn't that a reason to respect their process? No, because it's completely preempted because it's not happening under any nexus with the Clean Water Act. The EHB proceeding is happening after a final permit has been issued and the administrative process has ended. There is then this separate appeal to a quasi-judicial agency that's available under for Pennsylvania permits. It's not available under the Natural Gas Act for these kinds of permits because there is no nexus between the Environmental Hearing Board and the Clean Water Act. So do both your field and conflict preemption arguments rise and fall on our acceptance that the EHB is not authorized under the Clean Water Act? Yes. And that's why in our reply brief, we started by saying it rises and falls on that, or you can look at it as rising and falling on whether the Pennsylvania Department of Environmental Protection is the only agency authorized to act under the Clean Water Act. And my friend with DEP can talk to that. That is also the position of the state. And that is why, I'm sorry, I see your honor, I... No, no, no, it's just that your time's up. Yeah. So maybe we should hear from your friend and we'll hear from you on rebuttal, okay? Good morning. Good morning. Yes. My name is Margaret Murphy. I represent the Commonwealth of Pennsylvania Department of Environmental Protection. And I would like to we only pretty much allow one rebuttal. So can you take all your time and maybe your friend can... Okay. All right. Okay. Plus you only have five minutes. All right, here we go. Okay. The district court decision below must be reversed from Pennsylvania DEP's perspective, because it doubles the litigation. It doubles the venues for appeal. It doubles the records. Does it double it or is it all part of one? No, it's not one. The EHB stands in the shoes of the Common Police Court in Pennsylvania under Pennsylvania law. It's an appeal that if DEP disagrees with the Environmental Hearing Board, we appeal to the Commonwealth Court in its appellate jurisdiction. And so under Pennsylvania law... But counsel, you can offer more evidence. There's a real hearing, right? But what the problem for Pennsylvania with the two path holding from the district court below is we don't know where we're going to defend our actions. We may be defending our actions under the Natural Gas Act in both the Environmental Hearing Board and the Third Circuit because multiple litigants can challenge our actions. We have that in the Adelphia case that's also pending before the Supreme Court and the Third Circuit. And so the problem and the reason why we're arguing preemption, which is an unusual position for a state agency, is because we need to have the clarity. Where are we going to defend our actions? What kind of record do we create? We create a different record under the Natural Gas Act because we know it's a record review in the Third Circuit. We've been doing that since the adverse decision in 2013 in the Tennessee gas case. We create two different records. What record are we defending? Where are we defending it? And the problem with the district court's opinion is that really there's three errors. This is an absurd result that there's two paths. Everybody else just gets one path. If these litigants want to challenge a shopping mall permit, the DEP issues under the Clean Water Act, they get one path. That path is the Environmental Hearing Board. And so the problem here... With all due respect to Pennsylvania, is that our problem? I mean, if we're called upon to review something, don't we want to have the fullest record we can have? Well, I don't think you'll get that record. Under Pennsylvania law, if the Environmental Hearing Board is not preempted, if the Environmental Hearing Board Act is not preempted, the path for appeal is to state court. But shouldn't the state be responsible then for cleaning up its process? Well, how does it realize the intention of Congress that any challenge to an action... I keep looking at the diagram. Any challenge to the action of our agency, which were the actions that are preserved under the carve out in the Natural Gas Act, those appeals, the Congress intended to only be reviewed by the Third Circuit. I think you've got to flip this on the head. Your permit is appealed to the EHB and EHB says, oh, it should have been denied. So it goes back to DEP and DEP then has to issue a denial, correct? We have to... Typically what happens if the EHB does not agree with the department's decision, they remand it to the department to reconsider. And then we reconsider and make a new decision. It said it was binding that the EHB... Yes, the EHB decisions are binding on the department. Right. So you would have to issue a denial if the EHB... It would be overturned. Our decision would be vacated if they disagree with us. You could still reach the same outcome, but for different reasons. If they said you forgot to consider X data, we vacate and remand, then you consider X data. You could say, oh, now having considered it, we can still reach the same outcome, but it would be at least in the interregnum non-binding and it would be a red light then. Right. The problem then is that there's not an exhaustion requirement. If you say there's neither exhaustion or preemption, that's where we end up with the absurd result. But eventually, let's say it comes back to you and you do issue a denial. At that point, the third circuit could review it with the entire... They may already be reviewing it. You may have different litigants. You may have a municipality that decides to come to you. You may agree based on the record that our decision is appropriate. I'm talking about after EHB reverses you. But there's no exhaustion requirement. You can appeal directly and that's what's happened in Adelphia. We have appeals pending both before the third circuit... I'm talking about after EHB, let's say, reverses you and then you issue a denial. But my point is, eventually, since that's post the EHB process, we would be, in effect, reviewing EHB's conclusion in whatever the ultimate outcome of payday is. I don't think you would have the authority under Pennsylvania. Wouldn't the EHB Act be incorporated into your process after it's reversed and remanded to you? Under the Environmental Hearing Board Act, which incorporates the Administrative Agency Act, which, in turn, references the Pennsylvania Judicial Code, the Environmental Hearing Board stands in the shoes of the trial court in Pennsylvania, the common police court. Appeals by our judicial code and our constitution, the path for appeals is to the Commonwealth Court in its appellate jurisdiction and then to the Pennsylvania Supreme Court in its appellate jurisdiction. There's no path, then, to the third circuit and that's the irreconcilable conflict that is contrary to Congress's intent. I understand what you're positing, but I think you're not going with the hypothetical. I think you're positing that by rejecting the hypothetical, which is that, well, first of all, in Cole, the state court rejected jurisdiction and said that that's when the third circuit would be reviewing. But aside from that, the Pennsylvania state law seems to be saying that they are preempted after EHB review. If it is in fact reconsidered by PADEP and PADEP then issues a new decision, that could be reviewed by us. I think the problem here is that it's not, there aren't singular sort of, everybody challenges our actions. Nobody likes what we do. So we get lots of appeals from lots of different parties. You get municipal parties challenging us. You get neighboring landowners challenging us. You get environmental groups challenging us. We have lots of litigants who don't like what we do. And so we defend our actions wherever they're appealed. And the problem, and we have this problem in Adelphia, is that you have an appeal before the Environmental Hearing Board that is not, there's no exhaustion requirement. What if the Environmental Hearing Board remands to the department to change the permit? The permit's approved by FERC. What if the third circuit says, we think your permit's okay. We think the FERC order is good. How does that conflict get resolved? Because there's no exhaustion. And if you don't find the Environmental Hearing Board act preempted. And just in closing, because I know I'm over my time. Can I just get in one question before you deliver your closing? And that is this, if a case goes to the EHB and you or the person that received their permit doesn't like the EHB decision, are you reading 717RD1 is saying, no, we can't go to the third circuit now. We don't like the EHB decision. We're foreclosed from going to the third circuit. What we understand is the opposite. That 717RD, the way that it's, when you look at the legislative history and you look at the other provisions of the Natural Gas Act that really intended to natural gas transportation. And specifically the sponsor of the 2005 amendments was dealing with the situation where there's lots of challenges in lots of different forums. And they specifically called out administrative appeals and that that language in 717RD1 is intended to exclude everything that is not a civil action. And so appeal to the EHB in Pennsylvania, because it's a distinct agency. And because you have a final action from the department is only under the Natural Gas Act, only through a civil action to the third circuit. That's your, that's how we've understood it for 10 years. So let me just get straight. So if the EHB gives something that you don't like, you can then go only to the third circuit or you only have to you can't go to the environmental hearing board. That's how we understand this provision of the Natural Gas Act. We've made a final decision. We're done. And we've had a public hearing and we've received comments and we've considered those comments and we've made our final decision. But if that's wrong, let's just say just, you know, if that's wrong and it's now before the EHB and you don't like their decision, could you read the Natural Gas Act as allowing you to come to the through a civil action? Because if you're saying that the Environmental Hearing Board Act is not preempted. And so this is where I think Schneider Wynn provides the solution. The Environmental Hearing Board Act, I think is like the Michigan Act 144. Congress intended expressly with the judicial reviews provisions here to occupy this field. The Environmental Hearing Board Act in hearing appeals of final actions of the agency is interfering with this section and the consequence of the dual jurisdiction, the two paths for review creates this imminent collision. We already have a collision. That collision is evident in the Adelphia case where we've got these two appeals. And what if we get different outcomes? How do you get that? How do you reconcile that? So that's, I think I'm over my time. What happens in the normal course? When a civil action is filed here, do the parties seek a stay if there's a parallel proceeding going for the EHB? I think that's what you have. I think that what you have here is the reverse. And that's in the normal course, when we make our final action and a party wants to appeal, if they appeal to the Environmental Hearing Board, what the Environmental Hearing Board understood from the decisions that preceded coal and their number of them, and we briefed them, is that they no longer had jurisdiction. And that's what the Pennsylvania DEP understood as well. So that the only recourse, the only review that was intended by Congress is through a civil action to the third circuit. And that's why we create a different record for the actions that we take under the Natural Gas Act. And that's specifically provided, and Congress intended that in section 717N. We have a record obligation that is different than what we do if you are not preempted, if we're not in this preemption context. Sorry, I said I had one last question. Second, this is the last question I have. Is it your position that the EHB Board is not a state administrative agency acting pursuant to federal law to issue, condition, or deny any permit, license, concurrence, or approval required under federal law? Yes, that's our position. And I think that's clear. The EHB is not the administrative agency that's acting pursuant to the Clean Water Act. And you can see that from Pennsylvania law. If you look at the environmental statutes that issue here, the Clean Streams Law and the Dam Safety Encroachments Act, the Clean Streams Law, section 5, lists all the duties and responsibilities of DEP to implement the statute. Same thing, multiple sections of the Dam Safety Encroachments Act. The reference to the EHB's role under the Clean Streams Law is in section 7. And that section is titled Judicial Review, Administrative Procedure and Judicial Review. That's the same thing in section 24 of the Dam Safety Encroachments Act. The Environmental Hearing Board is listed as the entity that doesn't implement the statutes. It reviews DEP's actions. That's their role under Pennsylvania law. And I'm well over my time. Thank you, counsel. Thank you very much. We'll hear from the appellee. Good morning. May it please the court. My name is Casey Manahan, and I'll be arguing on behalf of Appellee's Delaware Riverkeeper Network, Maya Van Rossum, the Delaware Riverkeeper, and Citizens for Pennsylvania's Future. We ask that this court uphold the district court's denial of Transco's motion for preliminary injunction because Transco is unlikely to succeed on the merits and has not shown irreparable harm. So first, addressing the merits, this case invites a straightforward application of Bordentown. Judge Chigueras' well-reasoned opinion was not limited to New Jersey's administrative process, but instead provided a clear interpretation of Natural Gas Act's judicial review provision. Section 717BD3 is the provision that explicitly preserves the state's authority under the Clean Water Act. And section 717RD1 then limits that authority to the extent that the state courts would otherwise be able to hear a civil action regarding permits issued pursuant to the Clean Water Act. This court held that under federal law, civil action refers only to proceeding in courts of law or equity and excludes administrative hearings. Pennsylvania's Commonwealth Court in the Cole decision has held the same, come to the same conclusion with regard to Pennsylvania case law. Maybe we can just drill down then. You heard your, I mean, obviously your adversary is correct. Bordentown was a New Jersey case. Pennsylvania has a markedly different system. And as the reply brief by Transco pointed out, what we're talking about here could, quote, invite litigation chaos. And they discussed it. Isn't that valid? How do we handle it if there's multiple parties involved in these? What if some want to come to us, some want to take a further appeal to the EHB? How do we handle that? Right. I think, you know, should different parties file a petition in the Third Circuit and an appeal before the EHB? The circumstance is no different from any other situation where a single set of facts creates multiple lawsuits, right, in multiple venues. Courts are well-equipped to handle this. Parties may agree to a stay of one proceeding. Parties may engage in motions practice. Even Section 717RB gives petitioners two options for challenging a FERC decision. They could file in the circuit in which the pipeline is located or in the DC circuit. So the fact that there may be multiple venues available doesn't present an unusual and unworkable problem. But to your opponent's point, let's say a municipality challenges the issuance of a permit to us, to the Third Circuit, and an NGO challenges it to the EHB, and EHB reverses, and we affirm. What then? Well, I think in that case, I can speak. I think one of the likely outcomes would be that the NGO would intervene in the Third Circuit case, request a stay, so that the... But don't change the hypothetical. Just what happens if there is conflicting decisions? I think it would depend on the timing, of course, of the decisions. And if the Third Circuit reached a different decision than the EHB, then... Well, I think it depends on the timing. So if the EHB reached its decision first, that would be the status of the permit at that time. And so the Third Circuit challenge would have to be modified to challenge, to address what the EHB did. Well, just... So the questions I was asking your opponent were, could the loser of the EHB decision appeal to the Third Circuit too, maybe bringing both actions before the Third Circuit? And your opponent seemed to say, no, that's not possible because the EHB is not a recognized state agency under the Natural Gas Act. Do you share that same view, that there is no appellate right to the Third Circuit? I think the EHB, where the subject matter is a natural gas permit, would be properly before the Third Circuit, because that is where Section 717RD1 comes in, removes the right of the state courts, in this case, the Commonwealth Court, to hear... But EHB doesn't issue or condition or deny permits, correct? Correct. Isn't that the plain language of 717R, is an agency that issues, conditions, or denies? What the EHB does is functionally equivalent to an issuance conditioning or denial of a permit. So if it were to vacate the permit, that would be equivalent to denying a permit. If it were to affirm the permit, that would be the equivalent to issuing... So it's akin to a mandamus then. You're saying, do this, and they've got to do it then, right? If you're saying, no permit, they've got to deny the permit then, right? Right, right. It's the functional equivalent. And so I think another important point is describing EHB as outside of the Clean Water Act or outside of the regulatory process in Pennsylvania is just not true. It's part of the three-agency system in Pennsylvania that involves the Environmental Quality Board, the Environmental Hearing Board, and Pennsylvania DEP. And they each have a separate role together administering the environmental laws in Pennsylvania. And that's what the Commonwealth Court has explained in Cole. So aside from depriving state courts of their jurisdiction over civil actions, the states retain all their rights under the Clean Water Act, which includes the right to condition of section 401 water quality certificate on the issuance of state permits like the ones in this case. And these permits were act, the Dam Safety and Encroachments Act, and the Floodplain Management Act. And all four of these statutes, in addition to the EHB Act, provide that actions of the DEP may be appealed to the EHB. So EHB review is part and parcel of the state permitting system in Pennsylvania. And Bordentown made clear, and this graphic here that we created in our brief shows what Delaware Riverkeeper cases tell us is to the left, which is that a PA DEP permitting decision is final and can be reviewed in this court. And Bordentown, and by implication Delaware Riverkeeper cases, say what goes down the right side, which is that administrative appeals are still available, notwithstanding the fact that you can seek direct review in the Third Circuit, and that the only way, the only, the only limitation is that an appeal to a court of civil action would be in the Third Circuit. But I'm going back to Judge Chung's question. And it just struck me that that's really, really tied to the text of the statute that says a state administrative agency acting pursuant to federal law to issue, condition, or deny any permit. And the EHB doesn't issue permits, so that's just out. I don't know that it can condition the permits. And then if it can't deny the permit, it might be able to, what can it, can it vacate a permit at some point in time? Yes. And so I guess what you would say is the ability to vacate the issuance of a permit is, this is where your functional point comes in. The EHB may call it a vacate, but it's a functional equivalent of deny. And so although it doesn't use the exact word that the EHB appeal gives, it's effectively a denial of the permit, as if there were no permit after the EHB appeal. And because it has that power, then it is within the 717 RD1? Yes. And we see the same, I guess you could call it a problem, but I think it's fairly straightforward that in New Jersey, after an administrative appeal, they affirm, reject, reject, or modify. And that's not the same as issuing. This is by focusing on- It doesn't have a binding effect. It's just a recommendation. So, right. And the commissioner then makes that decision based on the administrative hearing. It doesn't reissue the permit or deny it fresh. This language does, if taken at the very most literal sense, would refer only to the initial decision. And what we've heard in Delaware River provision was to cut off all review after the initial decision, that that's just not the case here. So, we do look to- So, you're positioned that a reissuance or a denial followed by an issuance is not an issuance by the plain text of the statute. Under New Jersey law, if New Jersey were to use their inter-agency approach and the appellate review recommends to New Jersey and, well, I guess they could just say, we reject that. And then the issuance stands. But for whatever reason, let's say they actually reissue, which seems to be your argument. Are you saying that does not fall under the plain text of 717 RD1? It would fall under the meaning of 717 RD1. So, for example, I think your example is that the permit is initially issued and then that issuance is affirmed after the administrative hearing. Presuming someone had a problem with that affirmance of the initial permit, they would then appeal to the Third Circuit. And that's the type of situation that where- But I think you were trying to say that New Jersey's review was the same as EHBs, but there seems to be a distinction in that not necessarily inter-agency, but as far as binding effect, they're not ever issuing. I think you were trying to say that their decisions were also functionally equivalent to issuing or denying. But in fact, they have no binding authority and they just make recommendations. The hearing officer does make recommendations, but the conclusion of the administrative hearing is a decision by the DEP commissioner, and that is binding. So, the separate agency nature versus the intra-agency nature of these different administrative reviews is a distinction without a difference in our view. And that's because the Delaware Riverkeeper III, or as held, that state administrative review of an interstate gas permitting is not preempted. And the Delaware Riverkeeper cases would then not have examined the question of finality. The Bordentown Court mentions these myriad state procedures that give rise to a reviewable order. And I think what the NGA, what the Bordentown says about the NGA is that explicitly only limits the of the state courts to hear civil actions and leaves untouched the state's, it says untouched the state's internal administrative review process, not any particular agency. So, in Pennsylvania, we have it set up a little bit differently than NJDEP, but that's not dispositive as to what the meaning of Section 717RD1 is. You know, it takes us a while to decide these things usually. If you prevail, eventually, this EHB hearing isn't going to happen for a while, I guess, unless we do something immediate, I suppose. I'd be interested to find out the, your interest in quick disposition and getting this to the EHB for a final decision. I'd be interested in the other sides as well. Is it critical that this thing move forward fast or not? So. Yes, we'd like it to move forward quickly because, you know, as the pipeline is under construction, most of the pipeline is in the ground. They're taking part in restoration activities, which we have, you know, before the EHB, we have several issues regarding restoration of natural resources. So, we'd like to get a decision sooner rather than later. I know everybody would, of course, but. Yes. Okay. All right. I think Chief Judge Chigares had asked your opponents when there are parallel proceedings in the circuit and in the administrative realm, do either one of those get stayed? And I think she cited Adelphia as one where there were parallel proceedings. Are either of those actions stayed pending decisions by the other body? So, to my knowledge, in the Adelphia cases, there was an appeal to the EHB. The EHB decided that it did not have jurisdiction. The question of EHB's jurisdiction then went to the Commonwealth Court. And at the same time, there's an action filed in the middle district on the question of jurisdiction. So, this is a little bit different than a permit appeal because this is on the subject matter of the question that is going before these on these two parallel pathways is jurisdiction. And so, you know, the Commonwealth Court was also careful to make sure that it wasn't treading on Section 717RD1 by ruling on whether the EHB had jurisdiction because, you know, it was not a question of whether a permit issuance condition or denial. It was simply the question of whether Section 717RD1 deprived EHB of its jurisdiction. Turning briefly to irreparable harm, the expense of participating in litigation, it's not considered irreparable harm, even in our American rule legal system where each party bears their own costs. Fransco's irreparable harm argument requires you to accept their argument on the merits, which would then require you to go a step further, create a new rule that participation in a preempted proceeding is irreparable harm by default. But as we know... But isn't that sort of the law and qualified immunity and absolute immunity cases that it is a harm to be forced to participate in a proceeding from which you are exempt? Well, the case cited by appellants, the Northeast Hub case, was in the context of hardship. It was a rightness case, wasn't it? It was a rightness case, yes. It is a hardship. It is acknowledged that, you know, it is a harm, but does it rise to the level of irreparable harm? And it doesn't, because if the EHB proceeding went forward and concluded and it turned out to be preempted, then this court could reverse it or vacate it. So that harm is not irreparable. And again, as mentioned, you know, the pipeline is going forward. It's been... Large portions of it have been constructed and the appellants don't explain why EHB presents unique threat to the construction of the pipeline, but review before the Third Circuit, which is what they're asking us to do, would not present such a threat. Thank you, Your Honor. Thank you, counsel. Thank you, counsel. And we'll hear rebuttal. There's a lot to unpack there. First, Judge Phipps, going to your question about the language of the statute. For an EHB decision to be appealable to the Third Circuit, it not only has to be by a state administrative agency acting to condition deny, it has to be acting pursuant to federal law. The EHB doesn't act pursuant to federal law, it only acts pursuant to state law. That's because it doesn't have the ability to issue a permit, the EHB that is, right? That's correct. So even though the EHB, and going to Judge Trump's question, so the EHB may make a finding that it thinks the permit should be vacated. And indeed, DEP's brief said, then DEP would have to accept that and vacate the permit. But that would only be after appeals, and those appeals would be in the state courts. So PADAP can appeal the decision of the EHB, but they can only appeal it to the Commonwealth Court, and then ultimately, perhaps to the Pennsylvania Supreme Court. So perhaps in all those state administrative appeals, the permit would then be vacated, we'd be back at DEP after having spent years in Commonwealth Court, and the Supreme Court, the very thing that Congress is trying to avoid. And PADAP would issue a vacated permit, or would change the permit. What happens then? We're back at the beginning. If they can go to EHB, we will never get to the Third Circuit. That is the conflict preemption. Can I just ask a quick question? You say that EHB is not acting pursuant to federal law, because its source of law is state law, but isn't DEP's source of law state law as well? No, DEP is the only agency authorized to act under the Clean Water Act. So DEP is acting as a federal agent. It's been invited by Congress to either do that or not. DEP could have said, no, we don't want to take our right to issue a water quality permit. What happens then? Then it reverts back to the federal government. But Congress's invitation wasn't states, you may establish a single unified agency to enact the scheme. It merely said the state could enact the scheme, correct? Right. And the state can enact the scheme for the agency that has the authority to act, which in New Jersey is New Jersey DEP. No, no, I think I'm asking the same thing. How do we know that the invitation stops at DEP? Particularly because Bordentown talks about an administrative scheme, not necessarily one agency. I recognize that Bordentown talks about an administrative scheme in the context of New Jersey, where you have an intra-agency adjudicative hearing that results in something that the person who issued the permit in the first place gets to decide whether to issue it again or not. That's what happens in New Jersey. So we always end up back in the third circuit in New Jersey, always. You start in the top box and you go to the third circuit. There's no detour to some separate state agency, which is otherwise generally preempted, field preemption, Snyderwood. And not only is it field preempted, but allowing it to proceed results in conflict preemption. For all of the reasons we talked about, that we will never get back to the third circuit. Thank you. Thank you, counsel. We'll take the case under advisement. We'd like to thank counsel for their excellent briefing and argument today. And like the other